WARFIELD vs. HIS CREDITORS—KRANKLIN, APP'T
APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The decree of the Supreme Court remanding a suit against a firm, one of whom is insolvent, virtually cumulates the suit with the other proceedings *in concurso*.

Eastern District.
*January*, 1831.

WARFIELD
*vs.*
HIS CREDITORS.
*Franklin, app't.*

The payment of partnership debts by a solvent partner, ought not to delay the payment to the syndic, of moneys which he was otherwise entitled to receive.

On the insolvency of a partner, his syndic has a concurrent, but no exclusive right to the liquidation of the affairs.

The facts of this cause are fully stated in the opinion of the court, delivered by

*Porter, J.*

Previous to the filing of the *bilan* of the insolvent, the appellant had commenced an action against him, and obtained a sequestration of property in his possession. In that suit, one McCall intervened, and claimed a specific part of the effects seized. On appeal, his claim was disallowed, the amount of the appellant's demand on the insolvent liquidated, and the cause remanded, in order that the funds of the estate should be distributed according to law.

On the judgment of the Supreme Court being filed in the court below, the counsel for the syndic took a rule on the appellant, to show cause, "why the moneys in the hands of the sheriff, arising from the sale of the goods and effects sequestered in the case of *Franklin vs. Warfield*, should not be paid over to said syndic, to be distributed according to law."

To this rule, the appellant presented an exception, viz ; that no disposition of the funds in the hands of the sheriff, could be made in any other suit but that in which the writ of sequestration issued. The court overruled the exception, and the appellant filed an answer, in which he in substance stated:

That he was a solvent partner in the late firm of Franklin and Warfield, and as such, had as much right to the possession of the funds of the firm or partnership, as the syndic had; but that the sheriff, being in possession, as sequestrator, by order of court, in the suit of the respondent vs. Warfield, and Morgan, syndic, &c., that neither party was entitled to a possession of the whole, or any part thereof, until a final

WARFIELD
*vs.*
HIS CREDITORS.
*Franklin, app't.*

liquidation and partition of the funds of said firm should be made.

That the judgment of the Supreme Court, rejecting the claim of McCall, and sending back the cause, to have such a distribution of the funds as the law required, placed the parties in the same position, and left them with the same rights, as to the possession of the property, as they were before the rendition of the judgment in the District Court.

And finally—that since the institution of his suit against the insolvent, the respondent had further paid debts against the firm, to the amount of $2,257 89, for which he prayed judgment against the insolvent ; and, further, that he had a right to have the amount already decreed to him by the Supreme Court, as well as that for which he had since become a creditor, paid to him out of the funds sequestrated : and that if the funds were not sufficient to pay the whole, that judgment should be rendered in his favor, against the private property of the insolvent.

On filing this answer, the respondent offered to go to trial on it, if the counsel for the syndic would admit the facts therein stated. But the counsel of the syndic refused to do so, and the court, notwithstanding the objection of the respondent, proceeded to a consideration of the case, and after hearing counsel, made the rule absolute. *From* this decision the present appeal is taken.

In this court the appellant has contended :

The decree of the supreme court remanding a suit against a firm, one of whom is solvent virtually cumulates the suit with the other proceedings in concurso.

*First*, that the judge below erred in overruling his exception. *Second*, that he erred in not granting a continuance, and placing the cause on the trial docket. *And, third*, that he erred on the merits, because the appellant, as solvent partner of the firm, had as much right to the administration and possession of the partnership property, as the representative of the insolvent partner had.

1. And as to the first point, we do not think the judge er-

red. As the suit against Warfield necessarily abated by the insolvency, and could only be carried on against the representative of the estate, it followed, that in order to make the proceedings regular, it should be cumulated with the other matters in concurso. Whether an order of court, formally directing it, had been obtained at the time the rule was taken, does not appear; but it was virtually transferred by the decree of the Supreme Court remanding the cause, with directions to distribute the funds according to law. They could only be distributed contradictorily with the other creditors. The representative of the insolvent partner, under any hypothesis, having a right to the possession of one half of the property.

Eastern District,
January 1831

WARFIELD
vs.
HIS CREDITORS.
Franklin, app't.

The payment of partnership debts by a solvent partner, ought not to delay the payment to the syndic, of moneys which he was otherwise entitled to receive.

2. On the second point, no means have been furnished to us which enable us to say the court erred. The bill of exceptions speaks of facts which the appellant wished the syndic to admit. We can find no facts set out in the answer in relation to the funds sequestered, to which evidence could have applied; and to obtain which, a continuance could have been granted. We have already stated the defence in substance, as we understand it; and it appears to us to be nothing more than an assertion of the legal rights of the parties, as they resulted from the facts already before the court. The additional claim, set up in the answer in consequence of debts paid by the respondent, since the rendition of the judgment in the Supreme Court, ought not to have delayed the paying over the money into the hands of the syndic, if he was the person properly entitled to it during the pendency of the suit.

On the insolvency of a partner his syndic has a concurrent, but no exclusive right to the liquidation of the affairs.

3. The last question in the cause is the only one of importance: it is, whether on the insolvency of one of the members of a partnership, his syndic has a right to the administration and settlement of its affairs? and we think it very clear, that though he has a concurrent, he cannot have the exclusive management. The bankruptcy dissolves the part-

Eastern District,
*January* 1831.

WARFJELD
*vs.*
HIS CREDITORS.
*Franklin, app't.*

nership, and it would seem to follow, that its liquidation must proceed in the same manner as if it had terminated by death, or by mutual consent. The representative of the partner, now no longer able to act for himself, has the same rights as the person he represents would have had ; and if the latter could not demand and obtain the settlement of the partnership concerns, the former cannot. Now it is clear, that the insolvent Warfield, could not, without a special agreement to that effect, have a right to exclude his co-partner from the possession of the partnership property, and the liquidation of its affairs, in case the firm had dissolved by mutual consent of parties, and his bankruptcy cannot increase the right. The syndic, and the solvent partner, we think are entitled to the joint administration, until the debts are paid, or until the joint funds are all applied to that purpose. It would, perhaps, be more convenient, if the legislature had provided in cases of this kind, for a single administrator, but it has not done so, and until it does, the legal rights of the partners, as they grow out of a common contract of partnership, confer on each an equal power to assist in the liquidation and settlement of the estate.

In this case, from the evidence it appears, that partnership property was sequestered, of which the appellant had as much the control as the syndic. The order of the inferior court, therefore, delivering the whole amount to one of the parties, was erroneous.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled and reversed; and it is further ordered, that the rule taken in this case be discharged—the appellee paying the costs of appeal.