## Edward A. Tyler and another v. Their Creditors.

## Jesse D. Price, Assignee, &c. v. Edward A. Tyler and another.

Where a debtor has made a *cessio bonorum,* and a stay of proceedings has been ordered, he cannot be proceeded against, either directly or indirectly.

A partnership is dissolved by a *cessio bonorum* made by one of its members.

On the insolvency of one of the members of a partnership, his syndic has a concurrent, though not an exclusive right to the administration and settlement of its affairs ; but the seizure of the interest of his copartner under a *fi. fa.,* does not so divest the title of the latter, and vest it in the sheriff or the creditor, as to give to the officer, or the creditor, the right to claim to administer jointly with the syndic of the insolvent. The effect of the seizure *is* merely to give a privilege on the thing seized, and a right ultimately to sell it, if not arrested by some judicial order, or legal cause.

A partner having a right to sell all the moveables of the firm to obtain money for its use, or to pay its debts, may make a cession of the goods of the firm for the purpose of discharging its debts, his co-partner making no opposition.   C. C. 2166.

These appeals were brought up from the District Court of the First District, *Buchanan,* J.   The appellant, Price, having a

---

* The date of the judgment below.

judgment against Tyler & Jacks, on the 10th August, 1844, levied a *fi. fa.* on all the effects in their shop.   Tyler, on the 13th of the same month, made a *cessio bonorum,* both for himself and the partnership of Tyler & Jacks.   The cession was accepted, and Tyler regularly appointed syndic of the creditors.   A stay of proceedings was ordered " against his person and property, and the property of the partnership."

On the 19 September, a rule was taken by the plaintiff in the case of *Price, Assignee,* v. *Tyler & Jacks,* on the defendant Tyler, to show cause why the sheriff should not proceed to advertise and sell forthwith the property seized, holding the proceeds subject to the order of the court, and why the sale should not convey the whole title to the property, both the interest of Tyler and of Jacks.   In answer to this rule, Tyler alleged that the property had been regularly ceded to the creditors of Tyler and of the firm of Tyler & Jacks, and the cession accepted for the benefit of the creditors; that the sheriff has no authority to sell the property, or to proceed any further ; that the partnership of Tyler & Jacks is insolvent, and Jacks has left the State permanently without claiming to participate in the liquidation of the affairs of the firm ; and that he, Tyler, as syndic, has the sole right to administer its affairs.   The proceedings on the cession of Tyler & Jacks were offered in evidence, and Jacks' absence proved. The court below discharged the rule, and Price appealed.

In the case of *Tyler & Jacks* v. *Their Creditors,* the syndic of the creditors took to a rule on the sheriff and Price, to show cause why the property, books, and papers of the partnership of Tyler & Jacks, should not be delivered to him, as syndic, to be proceeded with according to law.   This rule was made absolute, and Price appealed.

The two appeals were tried together.

*Peyton* and *I. W. Smith,* for the appellant.   The sheriff took the property into his possession, several days before Tyler made a cession of his property, and that seizure vested in the plaintiff the right to have the property sold by the sheriff, and its proceeds applied by him to the *fi. fa.* in his hands.   Code of Practice, arts. 664, 704.

The effect of the seizure by the sheriff, was to divest each

of the defendants of the power of recovering the possession, except by paying into the hands of the sheriff the amount of the judgment, with interest and costs.　Code of Practice, art. 663.

Tyler could transfer no rights to his creditors, but those he possessed before the cession.　In the words of this court, in *Warfield* v. *His Creditors* (2 La., 192), " the representative of the partner, now no longer able to act for himself, has the same rights as the person he represents would have had ;" &c.　See also Owen on Bankruptcy, p. 58.

In the case of *Claiborne, &c.* v. *Their Creditors* (13 La. 279), the decision is based expressly upon the consolidation of the other suit with the proceedings of the *concurso*, by the consent of all parties.　Here there has been no such consolidation, nor any such consent of parties.　On the contrary, Price, the seizing creditor, is appellant from the decision refusing permission to the sheriff to sell the entire interest in the property held by him ; and is also appellant from the decision on the rule, which, we contend, illegally divests the sheriff of the possession of that property.

The syndic could acquire no greater power over the partnership property, than the insolvent had ; and the insolvent's right of possession and administration, had been previously divested by the seizure and possession of the sheriff.　The syndic could have no interest in the property, except it should produce an excess over the amount of the judgment of Price ; and the rule taken by the syndic does not aver that there would be any such excess, nor that the seizure was of mere property than sufficient to satisfy the execution in his hands.　The syndic shows no such interest in the creditors represented by him, as can authorize him to disturb the sheriff in his possession of the property.

The inevitable effect of the transfer of this property from the sheriff to the syndic, would be to burden it with all the costs of the *concurso*, if no other property be found ; and thus Tyler would be enabled to diminish the fund applicable to the *fi. fa.* of Price, by indirect means, when he could not do it by direct means.　The plaintiff is also deprived of his recourse against the sheriff, for the property in his hands, and is driven to the responsibility of a syndic, and to all the delays of a *concurso*, to which he is now no party.

DECEMBER, 1844.      375

Tyler and another v. Their Creditors.    Price, Assignee, v. Tyler and another.

At all events, the court could not deprive the sheriff of the possession as to the one half interest of Jacks, the copartner of Tyler.   Each of them, prior to the seizure by the sheriff, had co-equal rights of possession and administration of the partnership property; each were equally divested of those rights, by that seizure; and the cession, made by Tyler alone, could not affect the interest of Jacks which, being vested in the sheriff by the seizure, is yet retained by him; and the order of the court divesting him of the whole possession, was erroneous.   *Warfield* v. *His Creditors*, 2 La., 191.    5 Johnson's Chancery Rep., p. 77. 3 Chitty's Commercial Law, 259–60.

The reasoning which would show that the syndic is entitled to administer as to the half interest of Tyler, shows that the sheriff is equally entitled to administer as to the half of Jacks.

*Emerson*, contrâ.

GARLAND, J.   Price having obtained a judgment against Tyler & Jacks, issued his execution, and the sheriff levied it on all the goods and effects in their store.   A few days after, Tyler alone presented his petition, accompanied by a *bilan* and schedule of all his creditors, and those of Tyler & Jacks, also of the property belonging to him individually, and to the firm of which he was a member; " wherefore, he, individually, and as a member of said firm, and for said firm," prayed that the cession be accepted " of his property, and of the property of said firm," and that a meeting of the creditors of both be called, according to law.   This cession was accepted by the judge for the benefit of all the creditors, amongst whom Price is named, and a meeting ordered, which was subsequently held, and Tyler appointed sole syndic.   The sheriff being in possession of the property, Tyler, after he was qualified as syndic, took a rule on him and Price, to show cause why the property should not be delivered to him, to be sold, and the proceeds distributed among the creditors, according to law.   About the same time, Price took a rule on Tyler, individually, to show cause why the sheriff should not proceed to sell the property, and hold the proceeds of the sale subject to the future order of the court, and why such sale should not convey all the legal rights of Tyler, as well as of Jacks.   To this rule Tyler showed for cause, that all legal pro-

ceedings against his person and property had been arrested, by the order of the court accepting his cession of goods; that he was, himself, the syndic of all the creditors, duly appointed and qualified, and was entitled to the possession and administration of the property for their benefit.   He further averred, that Jacks had permanently left the State, and had left no one to represent him.   On the trial, these various allegations were sustained, and the court below ordered the sheriff to deliver the possession of the property to the syndic, to be administered for the benefit of all the creditors.   From these judgments Price has appealed.

By the cession of property, and the acceptance of the same by the court and creditors, all proceedings against the person and property of Tyler were arrested.   The sheriff has no right to proceed against him directly, much less can he be proceeded against indirectly, under the pretence of selling the interests and rights of Jacks, and thereby conveying a complete title to the purchaser.   By the cession of property, and the admitted insolvency of Tyler, the partnership was dissolved, and the question now arises, who is entitled to the possession and administration of the property.   If Jacks were before us, claiming a right to administer, it is possible that, according to the principle adopted in the case of *Warfield* v. *His Creditors* (2 La. 188), he would be entitled to the administration and possession, concurrently with Tyler, because he has a title in common with him—an undivided right; the mere seizure does divest him of that title, and vest it in the sheriff, or Price, the creditor.   The only effect of the seizure is to give a privilege on the thing seized, and an ultimate right to sell it, if not arrested by some judicial order or legal cause.   Tyler, in his petition, not only makes a surrender individually, but as a member of the firm, and *for the firm*, and prays that a meeting of the creditors of both be notified.   The cession was accepted by the judge, as prayed for ; Price was made a party ; and the order for a stay of proceedings, appears to apply as well to the creditors of the firm as to the individual creditors. One partner can sell all the moveable property of the firm, to pay debts, or to get money to use for the common business of the concern.   This being true, we see no strong reason why he cannot make a cession of the goods belonging to it, for the purpose

of discharging the same debts. The Civil Code treats of the cession of property in the chapter relating to the mode of extinguishing obligations, and art. 2166 says, that it is a relinquishment that a debtor makes of all his property to his creditors, when he finds himself unable to pay his debts; and a subsequent article provides, that the syndic shall sell the property surrendered. Tyler was bound for all the debts of Tyler & Jacks; their property is the common pledge of the creditors; he has, *for the firm*, surrendered it; Jacks makes no opposition; and the judgment, or order of the judge seems to us conclusive, as long as it stands as it does. If judgment should be given, as asked by Price, it would be a clear violation of the order staying all legal proceedings against the person and property of Tyler, and of the firm. The creditors of the firm have assembled, with the exception of Price, and accepted what Tyler has offered. The court has homologated their proceedings, without opposition, and we cannot permit one creditor to sell, through the sheriff, the common pledge of all, and indirectly avoid the effect of an existing decree of the court.

It is ordered and decreed, that the judgment of the District Court making the rule taken by Tyler, the syndic, absolute, and discharging that taken by Price, be affirmed, he paying the costs of each, and of these appeals.