No. 3141.—CARROLL, HOY & Co. *v.* MRS. M. A. DAVIDSON.

An executor or administrator has no power to bind the estate by giving notes, signed officially, for debts contracted during the time of the administration. If, therefore, the administratrix give her notes in favor of a merchant for supplies furnished to carry on the plantation after the succession is opened, she may be held personally liable thereon, but the estate she represents is not bound, because she has not the authority by virtue of her office of administratrix to contract such debts on behalf of the estate she represents. 21 An. 286.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *R. A. Hunter,* for plaintiffs and appellees. *Ryan & White,* for defendant and appellant.

HOWELL, J. Plaintiffs sue the defendant individually on two notes signed by her as administratrix of the estate of N. Davidson. The defense is that the plaintiffs were the factors of her husband, Neal Davidson, before the late war; that the whole of the debt represented by said notes was in the form of an account against said Davidson for supplies, etc., furnished him during his life; that after she qualified as administratrix the amount was presented to her as a claim against the estate of the deceased, and at the request of plaintiffs she acknowledged it to be such by the notes sued on, and that she can not be made responsible for the debts of her deceased husband.

It is shown that Neal Davidson died in 1863; that the accounts made out in the name of the estate of Neal Davidson, and for which the notes were given, ran from August 12, 1865, to July 10, 1866, and from July 30, 1866, to July 1, 1867, and were for supplies furnished the plantation which belonged to the succession of the deceased, but cultivated under the management of the defendant, through her oldest son, of age, there being some minor children; that on the eleventh May, 1866, the defendant applied for the appointment as administratrix, and on the same day, without any publication, the order appointing her such, and directing an inventory to be made, was granted by the clerk of the court, and on the twenty-eighth of said month she furnished a bond; that on the sixteenth of September, 1869, she filed an account or tableau of debts, including one in her own favor of over $6000, and one in favor of plaintiffs of $2202, but not the two notes sued on; and that on the second of February, 1870, the whole property of the succession was sold and purchased by her; that in the correspondence of plaintiffs they advised the defendant's son "to have the estate placed under administration, so that it could be legally used in raising money to carry it through the making of a crop," and requested the notes to be signed by defendant as administratrix.

The question arises, do these facts show that plaintiffs gave credit to and dealt with the succession of Neal Davidson in regard to these notes, and estop them from holding the administratrix individually liable? We think not. Plaintiffs evidently did not intend a liberality, and the fact that they thought that the administration could be legally used to raise money for making a crop, did not change the law of successions and the powers and responsibilities of administrators. It is no longer an open question that executors or other administrators can not, in any transaction in which they pretend to act as such, create any liability on the estates represented by them. They have power to acknowledge existing debts or liabilities, but not to create them. If it should be necessary to conduct a plantation for the benefit of a succession during the time necessary for settling it up, special authority may be obtained from the court to do so, and thus bind the estate for current expenses. But to permit an administrator indefinitely to carry on the planting business and annually increase the indebtedness of the estate, would give him the power to ruin the estate irretrievably.

The argument that plaintiffs gave credit to the succession, and must be held to a recourse upon the succession, is more specious than solid. This doctrine applies when the contracting parties are actually or apparently capable of contracting. But a succession can not make a contract. It must be represented, and its representative has only the powers specially conferred and those necessarily incident to the carrying out or exercise of such as are conferred. In all cases where

Carroll, Hoy & Co. v. Mrs. M. A. Davidson.

administrators have given notes, the creditors were affected with knowledge as much as in this case, and acted voluntarily in taking the notes, and yet the successions were relieved from liability, and the administrators were held responsible, except in a few where the notes were given for debts existing at the date of opening the successions, and the notes were considered simply as acknowledgments of the debts. Such were the cases of Gillett v. Rashal, 9 R. 276, and Bank of Louisiana v. Dejean, 12 R. 16, cited by counsel for defendant. In the other four cases quoted by them, the parties relieved were agents, and acted as such to the knowledge of the creditors giving the credit.

In the case of Livingston v. Gaussen, 21 An. 286, we examined the cases in which this question was raised, and recognized the distinction between those where the debt was created by the deceased and those where it originated pending the administration. In this case the defense seems to have been prepared with reference to the doctrine announced in that, but the evidence does not sustain the defense. It is not proven, as alleged, that the supplies were furnished in the lifetime of the husband, while it is shown that the wife is now the owner of all the property left by the husband, under a sale provoked by herself, notwithstanding the irregularity of her appointment. Our conclusion is that this case is in the category of those where representatives of successions have been held responsible personally on notes given in their representative capacity, and it is therefore unnecessary to pass on the bills of exception taken by the plaintiffs in the court below.

It is ordered that the judgment appealed from be reversed, and that plaintiffs recover of defendant, Martha A. Davidson, the sum of $4500, with eight per cent. interest from sixteenth December, 1866, and the further sum of $3282 91, with like interest from first January, 1868, and costs in both courts. .

---

ON REHEARING.

HOWELL, J.   On a rehearing of this case, we deem it better to present the main question in the following form: Do the facts that the accounts were opened and kept in the name of the succession of Neal Davidson, and the notes given in settlement thereof, signed by the defendant as administratrix, preclude plaintiffs from holding the defendant individually liable?

As before said, we think the jurisprudence of this State maintains the negative. See 5 N. S. 530; 8 N. S. 451; 2 La. 188; 1 R. 119; 9 R. 276; 12 R. 16; 8 An. 432: 9 An. 130; 21 An. 286; 22 An. 293, 371.

When the account was opened, the defendant had not been appointed (nor any one else) to administer, and hence had no authority to represent or bind the succession, and her subsequent appointment, even if

it had been regular, could not make the debt one against the succession, and the error of plaintiffs as to her capacity or authority had no such effect. The mistake of defendant's counsel is in supposing that credit could, under the circumstances, have been given to the succession. The account and the notes, are only evidence in different forms, of the extent of an obligation, and if the defendant could not create the obligation on the part of the succession, her consent that the account should be made in the name of the succession and to give the notes as administratrix, could have no such effect, and having so dealt with plaintiffs without legal authority, she rendered herself personally liable for the supplies furnished by them and received and used by her.

It is therefore ordered that our judgment remain undisturbed.

Mr. Justice Wyly dissents, for reasons to be filed.

———

WYLY, J., *dissenting.* The important question in this case is, to whom was credit given by the plaintiffs? If it was given to the estate of Neal Davidson, the debt represented by the notes is not the individual debt of the defendant, Mrs. M. A. Davidson.

An acknowledgment in the form of a note given by the legal representative of a succession for a succession debt, does not bind the fiduciary individually. 9 R. 276; 12 R. 16.

In the absence of proof to the contrary, the presumption is that credit was given to the fiduciary individually, and the words administrator or executor added to the note evidencing the debt will be regarded as mere surplusage.

When I read the letters of Carroll, Hoy & Co. in the record, which were addressed to the son of Mrs. Davidson, who was managing for his mother the plantation belonging to the estate for which the advances were made, I have no doubt as to whom credit was given. It was unquestionably given to the estate of Neal Davidson. Whether wisely or not, is not the question.

On the sixth of April, 1866, the plaintiffs addressed the son of Mrs. Davidson the following letter:

"DEAR SIR—We are in receipt of your favors of twenty-sixth and thirtieth ultimo, and have sent you the supplies requested—cost to debit of estate of Neal Davidson, $769 10. We would advise you to apply to your uncle, Colonel Hunter, to have the estate placed under administratorship, so that it could be legally used in raising money to carry it through the making of a crop. We are not advancing to any one, but are disposed to aid you as far as we can; and if you do not succeed in raising the money to pay the labor wages from the source you expect to, we will endeavor to raise it for you on an administration note.     Yours, truly,          CARROLL, HOY & CO."

On the twenty-third July, 1867, the plaintiffs also wrote to the son of Mrs. Davidson, managing the plantation of the estate, the following letter:

"DEAR SIR—We enclose statement of the estate of Neal Davidson's account, made up to the first instant, showing balance due us of $3062 04, which we trust may be found correct. To cover this balance, with commissions and interest, we enclose a note, at six months from the first instant, for $3282 91, which please request your mother to sign as administratrix, and return to us. We hope your crop may escape the dreaded caterpillar. Yours, truly,

CARROLL, HOY & CO., in liquidation."

In another letter to the same party, I also find this clause:

"We enclose also note filled up to close the old account, which please get your mother to sign as administratrix of the estate of Neal Davidson, and return to us at your early convenience. We handed you the account when you were here."

It is shown that the notes sued on evidence the amount due on two accounts against the estate of Neal Davidson. They represented the debt stated in those accounts. Now, the reason of the rule that an agent creating a debt without the authority of his principal, binds himself, is this: The agent has the means of knowing the extent of his authority, which the party with whom he contracts is not presumed to have; and if a party inducing another to contract with him as agent, without having adequate authority to bind his principal, is to escape liability, it will then be in his power to perpetrate a fraud; and uncertainty as to the extent of the powers of fiduciaries would greatly embarrass commerce, if the latter were not held responsible on contracts executed without authority from their principals.

But if a person contract with an agent knowing the full extent of the powers of the latter, and also that the latter does not intend to bind himself, but only his principal, the rule I have stated will not apply to such agent in case it turn out that his powers were not sufficient to bind his principal, because credit alone was given to the principal by a party contracting with full knowledge of the extent of the powers of the agent. No fraud could be perpetrated in such a case, and there is no reason for the application of the rule. In contracting with a public officer, credit is presumed to be given to the government which he represents, and the parties contracting with him are presumed to know the extent of his powers to bind his principal. Hence the rule stated has no application to such a case, there being no doubt as to whom credit was intended to be given, and no presumed want of knowledge as to the extent of the powers of the officer contracted with. In such a case, no fraud could be perpetrated.

Now, in the case before us there is no doubt that credit was intended

to be given, and actually was given, to the estate of Neal Davidson, and the notes sued on were signed by the defendant as administratrix of the estate of Neal Davidson, to cover a debt in the account of Carroll, Hoy & Co. against said estate, at the instance and request and under the advice of the plaintiffs. The notes, then, merely evidence the debt. Whether it can be enforced or not, is immaterial. One contracting with a minor, is his creditor for whatever the latter may owe him, regardless of his ability to enforce the collection of the same. In this case no fraud could have been practiced, because credit was given to the estate, and not to the administratrix, and the powers of the latter are fixed in the law, which all persons are presumed to know. Hence there is no reason for the rule, and I do not think it applies to this case. Where the reason of a law ceases, the law itself should cease.

I therefore dissent in this case.