No. ——

First Circuit

———

SUCCESSION OF WILLIAMS

On Opposition to Administrator's Account

———

(Jan. 5, 1928. Opinion and Decree.)

———

(*Syllabus by the Editor*)

1. **Louisiana Digest—Executors and Administrators—Par. 62, 75.**

Money advanced to one who afterwards becomes administrator of an estate, which is used for the preservation of the estate, is not collectible against the estate but against the administrator as his individual debt.

2. **Louisiana Digest—Executors and Administrators—Par. 63, 73.**

Without an order of court, the administrator of an estate has no authority to create new debts against the succession unless it be under Civil Code Article 1147 for the preservation of the estate.

3. **Louisiana Digest—Privileges—Par. 4.**

Under Civil Code Article 3224, expenses for the preservation of property gives a privilege on movables only but not on immovables.

**4. Louisiana Digest—Privileges—Par. 4.**
Under Civil Code Articles 3249 et seq. there is no privilege granted on immovable property for the preservation of a plantation.

**5. Louisiana Digest—Privileges—Par. 2, 3.**
The law only can confer a privilege and this must be done expressly. Equity cannot confer a privilege.

Appeal from the Parish of Lafourche. Hon. Robert R. Butler, Judge.

Succession of William F. Williams. Opposition to Administrator's account.

There was judgment for administrator and opponent appealed.

Judgment reversed.

Caillouet & Caillouet, Thibodaux; Soloman S. Goldman, New Orleans; attorneys for opponent, appellant.

J. A. O. Coignet, Thibodaux, attorney for administrator, appellee.

MOUTON, J.  William F. Williams died in the Parish of Lafourche, October 11, 1923, leaving an insolvent succession. He left at his demise, a sugar plantation agricultural implements, mules and windrowed cane. The Pan-American Life Insurance Company, opponent herein, had a first mortgage on the plantation, which exceeded in amount the value of the property.

Charles D. Stanwood was appointed administrator of the estate, obtained an order of court directing the sheriff to sell all the property of the succession for cash, to pay its debts. It was sold under a separate appraisement. The following amounts were realized from the immovables by destination, and from the plantation proper.

Proceeds from the immovables by destination $1,808.76; from the plantation $20,000.00, making a total of $21,808.76.

The proceeds realized by the sale of the movables have been exhausted by privileged claims, leaving in the hands of the administrator the sum of $17,452.44. This sum represents the proceeds from the plantation including immovables by destination, which, at the time of the sale, amounted to $1,808.76.

The property was bought at the sheriff's sale by the opponent, Pan-American Life Insurance Company for $21,808.76, two-thirds of its appraised value under its mortgage which amounted to $28,078.95.

The administrator filed his final account which was opposed by the Pan-American Life Insurance Company. Its opposition to claims for servants' wages, supplies, and laborers' wages, was sustained. It was, however, denied as to the following items which the court allowed under the head of miscellaneous claims: H. T. Cottam and Company, $69.53; Ber-Clement Sheet Metal Works, $12.88; Standard Motor Co., $37.80; Braud Coal Yard, $15.40. The Court also rejected in part the claim of Warren Williams for $1800.00 allowing him $685.62, holding that the claim of Warren Williams and of those above referred to were · secured by privilege superior in rank to the mortgage rights of the Pan-American Life Insurance Company over the proceeds realized from the sale of the immovables.

A sum advanced by Warren Williams, amounting to $1561.84, the administrator says, was used for the preservation of the estate. The District Judge found that $676.12 of that amount had been used by the administrator prior to his qualifying as such, and eliminated that much from the claim against the estate. He also eliminated therefrom various other small items aggregating a total of $220.50. It appears that the sum of $1561.84 advanced

by Warren Williams, was by means of two checks, and smaller cash amounts at different times. It is shown that one of the checks, amounting to $1000.00, was collected by the administrator on November 7, 1923, about sixteen days prior to his appointment, which was, as heretofore stated, effected on November 23, 1923. It is evident that the $1000.00 so advanced might be claimed by Williams against the administrator as an individual debt, but is not chargeable to the succession. Carroll, Hoy & Co. vs. Davidson, 23 La. Ann. 428. The District Judge should have eliminated that amount for the same reasons that he applied in rejecting a portion of the claim, because the funds had been used for the estate prior to the qualification of the administrator. This amount of $1000.00 with the $220.50 for the other items above noted, reduces the claim of Warren Williams to the sum of $341.31, if allowable at all against the succession.

There was no order of court obtained by the administrator to get money or advances to operate the plantation. Without such an order, it is well established, that an administrator has no authority to create new debts against a succession. Maxwell-Yerger vs. Rogan, 125 La. 1, 51 South. 48; Succession of Sparrow, 39 La. Ann. 702, 2 South. 501; Florsheim Bros. vs. Holt, 32 La. Ann. 134; Succession of Mansion, 34 La. Ann. 1246; Carroll, Hoy & Co. vs. Davidson, 23 La. Ann. 428.

The District Judge says that the money so advanced was for the preservation of the estate, which the administrator under his oath, had to faithfully administer or conserve. C. C. 1147. In reality, he reasons, such a liability is not created by the administrator, but arises from the necessities of the situation in which he is placed under the responsibilities of his office, and creates itself. It is difficult to conceive how the obtaining of a loan by the administrator, to be expended on an estate for its preservation or conservation, could be affected otherwise than by a conventional arrangement or by his authority, implying an agreement or obligation. The debt could not be otherwise created. It would be a new debt created under his management of the estate, and unless properly authorized, is not binding on the succession. Let us concede, however, that the debt was legal because contracted for the preservation of the property. Although this may be true, the question arises as to whether the validity of the obligation carried with it a lien or privilege on the proceeds of the immovables priming the mortgage rights of the Pan-American Life Insurance Company.

Under Civil Code, Article 3224, expenses for the preservation of the property gives a privilege to one in possession of it by virtue of a loan or deposit. This article relates to and is restricted to privileges on movables. This is clearly demonstrated by its verbiage and the heading of the Code under which it is found. The claim of Williams is not directed against the proceeds of the movables which have been exhausted by the payment of the preferred claims. His recourse is demanded against the proceeds of the immovables. Privileges on immovable property are conferred under Chapter 4, Civil Code, beginning with Article 3249. This article and those following, give no privilege for the preservation of a plantation or immovable property, nor have we been referred to any law or statute conferring such a privilege.

The claims of H. T. Cottam & Company, Ber-Clement Company, Standard Motor Company, and Braud Coal Yard, herein-

above enumerated, were also placed by the administrator on his tableau as superior in rank to the mortgage of the Insurance Company, because they were grounded on feed and repairs for the preservation of the immovables of the succession. These claims being asserted as privileged, because applied to the preservation of the estate, have, under the law, no such status. It would only be under the application of the doctrine of equity, that such claims could be given the character of preferred or privileged debts. The law only can confer a privilege and this must be done expressly. Equity does not, and can not, confer a privilege. We must, therefore, deny the right of these claimants to be paid by preference on the proceeds in the hands of the administrator, resulting from the sale of the immovables of the estate.

It is, therefore, ordered, adjudged and decreed that the privileges accorded by the tableau of the administrator as approved by the judgment of the District Court, to the claims of H. T. Cottam & Company, to Ber-Clement Company, to the Standard Motor Company, and to the Braud Coal Yard, and to the claim of Warren Williams, in the respective amounts therein recognized, be and is hereby denied and refused, and in that respect the judgment below is avoided and reversed; and it is further ordered, adjudged and decreed that the Pan-American Life Insurance Company be paid, under its mortgage, by preference and priority over said claimants, from the proceeds of sale of the succession now in the hands of the administrator, and that said claimants pay the cost of the opposition of said Pan-American Life Insurance Company.